UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Henry M. Burgess, Jr., | ) | Civil Action No.: 4:22-cv-04386-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Federal Bureau Investigation, Pastor Samuel Burgess, Williamsburg County Sheriff, Myrtle Beach Police Department, | ) ) ) ) | |
| Defendants. | ) ) | |

This matter is before the Court for review of the Report and Recommendation ("R & R")[1] of United States Magistrate Judge Thomas E. Rogers, III, who recommends dismissing Plaintiff's complaint. *See* ECF No. 9.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The Court is charged with making a de novo determination of those portions of the R & R to which specific objection is made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Plaintiff has not filed objections to the R & R, and the time for doing so has expired.[2] In the

---

[1] The Magistrate Judge reviewed the complaint pursuant to 28 U.S.C. §§ 1915 and issued the R & R in accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) (D.S.C.). The Court is mindful of its duty to liberally construe Plaintiff's *pro se* filings. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (recognizing "[a] document filed *pro se* is to be liberally construed" (internal quotation marks omitted)). *But see United States v. Wilson*, 699 F.3d 789, 797 (4th Cir. 2012) ("Although courts must liberally construe the claims of *pro se* litigants, the special judicial solicitude with which a district court should view pro se filings does not transform the court into an advocate." (internal citations, quotation marks, ellipsis, and brackets omitted)).

[2] Plaintiff's objections were due by January 26, 2023. *See* ECF Nos 9 & 10.

absence of objections to the R & R, the Court is not required to give any explanation for adopting the Magistrate Judge's recommendations.  *See Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).  The Court reviews only for clear error in the absence of an objection.  *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation'" (quoting Fed. R. Civ. P. 72 advisory committee's note)).

Having found no clear error, the Court **ADOPTS** the Magistrate Judge's R & R [ECF No. 9] and **DISMISSES** Plaintiff's complaint *with prejudice* and without issuance and service of process.

**IT IS SO ORDERED.**

Florence, South Carolina                                           s/ R. Bryan Harwell
January 30, 2023                                                        R. Bryan Harwell
                                                                                 Chief United States District Judge